UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

    v.

RON NEAL,

    Defendant.

CAUSE NO. 3:20-CV-174-RLM-MGG

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed a complaint (ECF 1) against the Warden of the Indiana State Prison alleging he was transferred to a different facility in order to frustrate his efforts to litigate one of his pending cases and that the transfer violated his right to access the courts. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

After an incident with a guard, the Warden decided to transfer Mr. Cleveland to a different facility. According to Mr. Cleveland, this transfer will make gathering the information he needs to effectively litigate one of his cases more difficult. Mr. Cleveland feels that the guard should have been transferred,

not him. Only a few months ago, Mr. Cleveland filed two complaints asking to be transferred to a different facility. *See* Cleveland v. Nurse Jackie, 3:19cv829-DRL-MGG (N.D. Ind. Sept. 19, 2019; Cleveland v. Tustison, 3:19-CV-613-JD-MGG (N.D. Ind. Aug. 7, 2019). In each of those cases, Mr. Cleveland was told that "[p]rison officials have broad administrative and discretionary authority over the institutions they manage." Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. Now the Warden has voluntarily done what Mr. Cleveland asked the court to do and has been sued for doing it.

That aside, to the extent Mr. Cleveland is alleging that the Warden retaliated against him, he can't proceed because a transfer to another facility isn't the kind of deprivation that would likely deter first amendment activity in the future. *See* Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012).

To the extent he is alleging that the transfer deprived him of access to the courts, he likewise can't state a claim upon which relief can be gratned. Prisoners are entitled to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004). To state a claim for a denial of access to the courts, a prisoner must demonstrate that "state action hindered his or her efforts to pursue a nonfrivolous legal claim and that the plaintiff

2

suffered some actual concrete injury." May v. Sheahan, 226 F.3d 876, 883 (7th Cir. 2000). But State actors have no duty to assure that prisoners can litigate claims effectively once they have been raised in court. The right to access, goes no further than access.

> It must be acknowledged that several statements in *Bounds* went beyond the right of access recognized in the earlier cases on which it relied, which was a right to bring to court a grievance that the inmate wished to present . . .. These statements appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court. . .. These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and we now disclaim them.

Lewis v. Casey, 518 U.S. 343, 354 (1996). *Lewis* only requires that an inmate be given access to file a complaint or appeal. As the court of appeals has explained, "[t]he right of access to the courts protects prisoners from being shut out of court, it does not exist to enable the prisoner to litigate effectively once in court." Pruitt v. Mote, 503 F.3d 647, 657 (7th Cir. 2007) (en banc) (quotation marks, citations and ellipsis omitted). Mr. Cleveland's transfer might make discovery more challenging, but it doesn't prevent him from accessing the courts, as he showed by filing this suit after his transfer.

Mr. Cleveland's complaint doesn't state a claim cognizable in federal court. Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, see Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary when the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For this reason, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim upon which relief can be granted.

SO ORDERED on March 3, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT